IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUDITH KENDZIORA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 2021-cv-6936 |
| ) | |
| STREAMWOOD CVS, L.L.C., ) | |
| CVS PHARMACY, INC., ) | |
| CVS PHARMACY LIMITED ) | |
| OF ILLINOIS INC., ) | |
| LOCKPORT CVS, L.L.C., ) | |
| HIGHLAND PARK CVS, LLC, ) | |
| BRUNO TRUST AGREEMENT DATED ) | |
| JULY 14, 1987, and ) | |
| SCP 2004E-038 LLC, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

Defendants, HIGHLAND PARK CVS, L.L.C. ("Highland Park"), by its undersigned counsel, hereby notifies this Honorable Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 that it is removing the above-captioned action from the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois, No. 21 L 760, to the United States District Court for the Northern District of Illinois, Eastern Division and, in support thereof, state as follows:

**I.  Background**

1. On October 1, 2021, Plaintiff filed her original Complaint at Law in the Circuit Court of Will County, naming the following six (6) entities as defendants:

- CVS Pharmacy, Inc.;
- Streamwood CVS, L.L.C.;
- Lockport CVS, L.L.C.;
- CVS Pharmacy Limited of Illinois Inc.;
- Bruno Trust Agreement Dated July 14, 1987 ("Bruno Trust"); and
- SCP 2004E-038 LLC ("SCP").

Plaintiff's Original Complaint at Law is attached as **Exhibit A**. Plaintiff alleged that on December 3, 2019 she was injured when she fell outside of a CVS store located at 16760 West Division Street in the City of Lockport, County of Will, State of Illinois (the "Subject Premises"), causing severe and permanent physical injuries, and great pain and anguish both in mind and body, and will in the future continue to suffer. *See* **Exhibit A.**

2. Plaintiff filed her Amended Complaint at Law on December 2, 2021, in which she added and named Highland Park as a defendant. Plaintiff's Amended Complaint at Law is attached as **Exhibit B.** Counsel for Highland Park accepted service of the Amended Complaint on December 2, 2021. A true and correct copy of the December 2, 2021 emails whereby counsel for Highland Park accepted service is attached as **Exhibit C**.

3. Defendant Highland Park removes this matter on the basis of diversity jurisdiction. Plaintiff is a citizen of Illinois and each of the properly named Defendants (Highland Park and Bruno Trust) are citizens of other states: Highland Park is a limited liability company with its sole member being a Rhode Island company with its principal place of business in Rhode Island; Bruno Trust is a citizen of California.

4. Bruno Trust is the owner and landlord of the Subject Premises where Plaintiff's alleged injury occurred. *See* the Warranty Deed to the Subject Premises, attached as **Exhibit D**. Highland Park is the tenant of the premises where the alleged injury occurred. *See* First Amended Memorandum of Lease, attached as **Exhibit E**.

5. Three of the "CVS" entity defendants (Streamwood CVS, L.L.C., Lockport CVS, L.L.C., CVS Pharmacy Limited of Illinois Inc.) are merged and non-existing entities, and are therefore not proper defendants to the action. *See* Affidavit of Melanie K. St. Angelo, attached as

**Exhibit F**. CVS Pharmacy, Inc. is the sole member of Highland Park, and a Rhode Island corporation with its principal place of business located in Rhode Island. ***Id.***[1]

6. The defendant entity named SCP 2004E-038 LLC is a Delaware limited liability company. *See* **Ex. D, Ex. E**. SCP sold and transferred its rights, title, and interest in the Subject Premises to Bruno Trust in December 2018, and is not a properly named defendant to this action. *See* **Ex. D, Ex. E**.

7. In addition to diversity of citizenship, there is a reasonable probability that the amount in controversy in this matter exceeds $75,000 given that Plaintiff claims both temporary and permanent injuries, and past a future medical expenses.

## II. Diversity Jurisdiction Exists

8. Plaintiff does not plead her residency or state of citizenship in the Amended Complaint. Property records from Will County, Illinois indicate Plaintiff is a citizen of Illinois, and domiciled in Lockport, Will County, Illinois, 60441. *See* **Exhibit G.** Therefore, Plaintiff is a citizen of Illinois. There are no records to indicate Plaintiff is a citizen of either California or Rhode Island.

### a. Defendants Highland Park CVS, LLC and CVS Pharmacy, Inc.

9. Highland Park is a limited liability company with the sole member being co-defendant CVS Pharmacy, Inc. *See* **Ex. F**.

10. CVS Pharmacy, Inc. is a Rhode Island corporation with its principal place of business in Rhode Island. *See* **Ex. F.** CVS Pharmacy, Inc., therefore, is a citizen of Rhode Island. 28 U.S.C. § 1332(c)(1).

---

[1] CVS Pharmacy, Inc. should be removed as a defendant in this suit as it does not conduct business operations in the State of Illinois.

11. A limited liability company's citizenship is the location of each of its members. *Missouri Franchise Development Systems, LLC v. McCord*, 2007 WL 1149198, No. 0-CV-00099-DRH-DGW, at *1 (S.D. Ill. 2007), citing *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006). Highland Park's sole member (CVS Pharmacy, Inc.) is a citizen of Rhode Island. Therefore, Highland Park is likewise a citizen of Rhode Island for purposes of diversity.

### b. Defendant Bruno Trust Agreement Dated July 14, 1987

12. Bruno Trust is a trust with two member trustees domiciled in California. *See* Email from Roman Bruno, Bruno Trust trustee, attached as **Exhibit H**. "The citizenship of a trust is that of its trustees." *West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 830 (7th Cir. 2020) (citing *Navarro Savings Association v. Lee,* 446 U.S. 458, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980)). Therefore, defendant Bruno Trust is a citizen of California.

### c. Defendant SCP 2004E-038 LLC

13. Upon information and belief, SCP is a citizen of New York. However, the citizenship of SCP may be disregarded because SCP is improperly or fraudulently joined to this action.

14. A defendant is fraudulently joined and its presence in the federal lawsuit is ignored for purposes of determining diversity when "there exists no 'reasonable possibility' that a state court would rule against the defendant." *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999) (quoting *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)); *Clay v. Philip Morris USA, Inc.*, No. 18-cv-3549, 2018 WL 11198356, at *1 (N.D. Ill. Nov. 6, 2018) ("[T]he district court must ask whether there is any reasonable possibility that the plaintiff could prevail against the non-diverse defendant.") (internal quotations omitted).

15. Plaintiff alleges she was injured at the subject premises on December 3, 2019. **Ex. B**, Count XI, ¶1. Plaintiff's claims against SCP are premised on the allegation that SCP "owned, managed, maintained, and/or controlled the premises, or otherwise had a duty to exercise ordinary care to see that the premises were reasonably safe for lawful patrons. **Ex. B,** Count XI, ¶¶2, 6; County XII, ¶3. However, SCP sold the property and assigned all of its lease rights to Bruno Trust on or about December 7, 2018. *See* **Ex. D, Ex. E.**

16. The sale and transfer of rights and obligations occurred one year prior to Plaintiff's alleged injury. As a result, SCP had no rights, interests, duties or other obligations with respect to the Subject Premises at the time of the alleged incident.[2]

17. Therefore, Plaintiff's negligence claims against SCP contain no fact allegations to support the conclusion that SCP owned or controlled the premises, or otherwise had any of the duties or obligations she claims it had at the time of her alleged injury. Indeed, the property records recorded with Will County establish the contrary. *See* **Ex. D, Ex. E.** Thus, there exists no reasonable possibility that a state court would rule against the SCP in this case and SCP's place of citizenship should be disregarded. *Schwartz*, 174 F.3d at 878.

### d. Defendants Streamwood CVS, L.L.C., Lockport CVS, L.L.C., and CVS Pharmacy Limited of Illinois Inc.

18. Streamwood CVS, L.L.C., Lockport CVS, L.L.C., CVS Pharmacy Limited of Illinois Inc. are all non-existing or merged entities under Illinois law, and are not properly named defendants in this lawsuit. *See* **Ex. F.** Because each of these entities does not exist under Illinois law, there exists no reasonable possibility that a state court would rule against them in this case,

---

[2] Notably, defendant Bruno Trust has tendered its defense of the case to Highland Park CVS.

and their place of citizenship should be disregarded. *Schwartz*, 174 F.3d at 878.

19. On December 31, 2005, Streamwood CVS, L.L.C. merged into Highland Park, and thus it has not existed under Illinois law since that date. *See* **E. F**; 805 ILCS § 180/37-30 (stating a merged limited liability company ceases to exist). Likewise, on January 1, 2021, Lockport CVS, L.L.C. merged into Highland Park and, therefore, it has not existed under Illinois law since that date. *See* **Ex. F;** 805 ILCS § 180/37-30.

20. Under the Illinois Limited Liability Company Act, limited liability companies that merge into "surviving" companies cease to exist upon the merger. *See* 805 ILCS § 180/37-30. Further, lawsuits cannot be brought or maintained against merged, non-existing limited liability company entities. *Id*. Because Streamwood CVS, L.L.C. and Lockport CVS, L.L.C. do not exist under the Illinois Limited Liability Company Act, they are improperly named defendants in this lawsuit and their citizenship should be disregarded. *Schwartz*, 174 F.3d at 878.

21. On December 31, 2005, CVS Pharmacy Limited of Illinois, Inc. merged or consolidated into Highland Park. *See* **Ex. F**. Under the Illinois Business Corporation Act, a corporation that merges or consolidates into a "surviving" corporation ceases to exist upon the merger. *See* 805 ILCS § 5/11.50. CVS Pharmacy Limited of Illinois, Inc., therefore, has not existed under Illinois law since December 2005. Lawsuits cannot be brought or maintained against a non-existing corporation. 805 ILCS § 5/11.50. Because CVS Pharmacy Limited of Illinois, Inc. does not exist under Illinois law pursuant to the Illinois Business Corporation Act, there exists no reasonable possibility that a state court would rule against it in this case, and its place of citizenship should be disregarded. *Schwartz*, 174 F.3d at 878.

      e.      **The Amount in Controversy Exceeds $75,000.00**

22.    Plaintiff's claims satisfy the amount in controversy requirement set forth in 28 U.S.C § 1332(a).

23.    "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court," and "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 553–54. Once the Defendants have established that the required amount in controversy is probable, only if it is legally impossible for Plaintiff to recover damages in excess of the jurisdictional requirements is federal jurisdiction precluded. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *Oshama v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006).

24.    While Defendants deny all liability in this matter and deny Plaintiff is entitled to damages in any amount, the amount in controversy in this matter exceeds $75,000. In her *ad damnum* clauses in each count of the Amended Complaint, Plaintiff "demands judgment against [the defendant] in a dollar amount to satisfy the jurisdictional limitation of the Court and such additional amounts as the jury and the Court shall deem proper." **Ex. B.** Plaintiff claims she "sustained severe and permanent injuries, both externally and internally, and was and will be hindered and prevented from attending to her usual duties and affairs and has lost, and in the future will lose the value of that time as aforementioned." *See* **Id.** at Count XIII, ¶11, Count XIV, ¶8. She also claims she suffered great pain and anguish, both in mind and body, and will in the future

continue to suffer." *Id***.** She further claims to have "further expended and became liable for, and will expend and become liable for, large sums of money for medical care." *Id***.** In light of the injuries and damages claimed, it is reasonably probable that the amount in controversy exceeds $75,000.00.

25. Pursuant to 28 USC §1332, diversity jurisdiction exists as there is complete diversity of citizenship amongst the properly named parties in this case and the amount in controversy is in excess of $75,000, exclusive of costs and interest.

### III.  Venue

26. The United States District Court for the Northern District of Illinois is the federal judicial district embracing Will County, Illinois and, therefore, venue for purposes of removal lies with this Court pursuant to 28 U.S.C. §1441(a).

### IV.  The Procedural Requirements for Removal Have Been Satisfied

27. A demonstrated above, diversity jurisdiction exists and the amount in controversy requirement is satisfied. Therefore, Highland Park hereby removes this matter to the United States District Court for the Northern District of Illinois, Eastern Division.

28. Further, the notice of removal must be filed within thirty days after the formal service of process on Highland Park. 28 U.S.C. § 1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354, (1999).

29. This removal is timely because it is filed within thirty days of service of process on Highland Park. *See* **Exs. B and C.**

30. Removal pursuant to 28 U.S.C. § 1441(a) requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

31. This district has recognized the various exceptions to the general rule regarding unanimous consent. *See, e.g.*, *Willey v. Midwest Telecomm. Sys., Inc.*, No. 20220, 1991 WL 166980, at *1 (N.D. Ill. Feb. 11, 1991) (exception for unknown defendants, nominal and formal parties, and defendants fraudulently joined); *Gallagher v. Max Madsen Mitsubishi*, No. 90-0508, 1990 WL 129611, at *7 (N.D. Ill. Aug. 27, 1990) (exception where plaintiff's claim against removing defendant was separate and independent from the other claims in the suit); *Carver v. Sears Roebuck & Co.*, No. 86-7339, 1986 WL 11380, at *1 (N.D. Ill. Oct. 6, 1986) (exception for defendant not yet served).

32. Here, the only properly joined defendants to be served are Highland Park, and CVS Pharmacy, Inc. Bruno Trust has not been served. *See* **Ex. H.**

33. CVS Pharmacy, Inc. consents to removal of this matter to federal court as provided by 28 U.S.C. §1446(b).

34. Consent of defendant Bruno Trust is not required because it has not yet been served. *See* **Ex. H.**[3]

35. Consent of SCP is not required also because it has been improperly or fraudulently joined. *Willey*, No. 20220, 1991 WL 166980, at *1.

36. Likewise, consent of the three non-existing "CVS" entities is not required because they do not exist and are thus improperly or fraudulently joined. *Id*.

---

[3] Counsel for Highland Park confirmed that Bruno Trust has still not been served as of December 31, 2021.

37. Pursuant to 28 U.S.C. §1446(a), a true and correct copy of all process, pleadings, and orders served upon Defendants are included in Exhibits A and B. An unofficial copy of the state court Docket Sheet as of December 31, 2021 is also included as **Exhibit I**.

38. Prompt written notice of this Notice of Removal is being sent to all parties of record through counsel as well as to the Clerk of the Circuit Court of Will County, Illinois, as required by 28 U.S.C. §1446(d). *See* Notice of Filing Notice of Removal.

39. By filing this Notice of Removal, Highland Park CVS is not waiving and expressly reserves the right to contest personal jurisdiction, venue and the sufficiency of the Amended Complaint at Law and the right to assert any defenses available to them under any state or federal law.

40. Defendants request a jury trial.

WHEREFORE, Defendants, HIGHLAND PARK CVS, LLC respectfully gives notice that the above action, now pending against it in the Circuit Court of Will County, Illinois, is removed to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Dated: December 31, 2021

Respectfully submitted,

/s/     Benjamin D. Lothson

Richard J. Keating, Jr. (Rkeating@smbtrials.com)
Benjamin D. Lothson (blothson@smbtrials.com
**SWANSON, MARTIN & BELL, LLP**
330 N. Wabash, Suite 3300
Chicago, Illinois 60611
(312) 321-9100
(312) 321-0990 (fax)
*Attorneys for Defendants*