# Exhibit A

 CT Corporation

**Service of Process Transmittal**
10/19/2021
CT Log Number 540443118

TO: Serviceof Process
CVS Health Companies
1 CVS DR MAIL CODE 1160
WOONSOCKET, RI 02895-6146

RE: **Process Served in Illinois**

FOR: CVS Pharmacy, Inc.  (Domestic State: RI)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JUDITH KENDZIORA // To: CVS Pharmacy, Inc. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 2021L000760 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/19/2021 at 02:18 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **REMARKS:** | CVS Pharmacy Limited of Illinois Inc. merged into CVS Pharmacy, Inc. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/19/2021, Expected Purge Date: 10/24/2021<br><br>Image SOP<br><br>Email Notification,  Serviceof Process  service_of_process@cvs.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of  1 / MS



# PROCESS SERVER DELIVERY DETAILS

| | |
|---|---|
| **Date:** | Tue, Oct 19, 2021 |
| **Server Name:** | Joseph Czarnowski |

| | |
|---|---|
| Entity Served | CVS PHARMACY LIMITED OF ILLINOIS, INC. |
| Case Number | 2021L000760 |
| Jurisdiction | IL |



# 112627

WLH/hlk

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

JUDITH KENDZIORA, )
                    Plaintiff, )
           v. )          Case No.: **2021L 000760**
STREAMWOOD CVS, L.L.C., )
CVS PHARMACY, INC.; )
CVS PHARMACY LIMITED OF ILLINOIS INC.; )
LOCKPORT CVS, L.L.C., )
BRUNO TRUST AGREEMENT DATED )
JULY 14, 1987; and SCP 2004E-038 LLC, )
             )
            Defendants. )

## SUMMONS

To each defendant: CVS Pharmacy Limited of Illinois Inc., c/o Registered Agent: CT Corporation,
      208 S. LaSalle, Suite 814, Chicago, IL 60604

      You are summoned and required to file an answer to the complaint in this case, a copy of
which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court at
located at 100 W. Jefferson, Joliet, Illinois; remotely via Zoom: Meeting ID 93029190133, Password
236236, within 30 days after service of this summons, not counting the day of service. If you fail to do
so, a judgment by default may be entered against you for the relief asked in the complaint.

      E-filing is now mandatory with limited exemptions. To efile, you must first create an account
with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn
more and to select a service provider. If you need additional help or have trouble e-filing, visit
http://www.illinoiscourts.gov/FAQ/gethelp.asp or talk with your local circuit clerk's office. If you
cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask
your circuit clerk for more information or visit www.illinoislegalaid.org. If you are unable to pay your
court fees, you can apply for a fee waiver. For information about defending yourself in a court case
(including filing an appearance or fee waiver), or to apply for free legal help, go to
www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

      To the officer:    This summons must be returned by the officer or other person to whom it was
given for service, with indorsement of service and fees, if any, immediately after service. If service
cannot be made, this summons shall be returned so indorsed. This summons may not be served later
than 30 days its date.

WITNESS _____10/1/2021_____ 20_____

            (Seal of Court)

_Andrea Lynn Chasteen_

      (Clerk of the Circuit Court)

By:_____

Willard L. Hemsworth III – '06280200
RATHBUN, CSERVENYAK & KOZOL, LLC.
3260 Executive Drive, Joliet, IL 60431
(815) 730-1977
whemsworth@rcklawfirm.com; Eservice: hkemps@rcklawfirm.com

# Remote Court Instructions for Participants

Court in the Annex rooms A117, A129, A201, A227, A236, Rms 803, 1001 & 1002 in the main courthouse and Rm 2 in the River Valley Justice Center will be conducted via Zoom until further notice. Zoom is free and can be used with a laptop, smart phone with a camera, landline, or other telephone. Instructions are below.

| Meeting ID | Password |
|---|---|
| The Zoom meeting ID number for each judge is listed below and will always remain the same. You may login early and wait for the judge to log in to start the meeting (you may be in a waiting room until admitted). | Once you login, you will be asked for a password to join the meeting.<br><br>The password for each judge is listed below and will always remain the same: |
| J. Anderson (Rm A236) – 930 2919 0133<br>J. Jarz (Rm  803 ) – 919 7619 1672<br>J. O'Leary (Rm A227) - 556 881 0712<br>J. Osterberger(Rm 1002)– 954 9877 7674<br>J. Petrungaro (Rm A117)  - 992 7448 0487<br>J. Rickmon (Rm A201) – 959 2357 1680<br>J. Rossi (Rm A129) - 912 2466 3711<br>J. Allen(Rm 1001)- 719 811 8159<br>J. Pavich (Rm 002) -  963 988 4732 | J. Anderson (Rm A236) – 236236<br>J. Jarz (Rm   803 ) – 311311<br>J. O'Leary (Rm A227) - 227227<br>J. Osterberger(Rm 1002)– 111111<br>J. Petrungaro (Rm A117) - 117117<br>J. Rickmon (Rm A201) – 201201<br>J. Rossi  (Rm A129) - 129129<br>J. Allen (Rm 1001)- 002002<br>J. Pavich  (Rm 002) - 002002 |

| Procedure for attorneys or self-represented litigants using a computer with a camera & microphone: | Procedure for using Zoom on cell phone: | Procedure for using Zoom on a landline or phone without Zoom app: |
|---|---|---|
| 1. Create a Zoom account by going to Zoom.us and click "sign up, it's free" and follow the prompts from there.<br><br>2. Make sure your email address and phone numbers are current with the Circuit Clerk's office.<br><br>3. Once Zoom opens, click "join a meeting" on the upper right.<br><br>4. Message box will appear asking for meeting ID number. Input the assigned judge's meeting ID.<br><br>5. Message box will appear. Click "open Zoom."<br><br>6. Message box may ask for the password. Input the assigned judge's password.<br><br>7. Screen should load, showing your face. Click "join with video."<br><br>8. Message box will appear, click "join with computer audio." | 1. Download the Zoom cloud meeting app on your cell phone.<br><br>2. Open the app and tap "Sign Up" (by following the prompts).<br><br>3. Tap "Join."<br><br>4. Input the meeting ID number or personal link name. Input assigned judge's meeting ID.<br><br>5. Message box may ask for the password. Input the assigned judge's password.<br><br>6. Tap 'Join with video."<br><br>7. Tap "call using internet audio."<br><br>8. Tap anywhere on the screen to make the header bars appear. | 1.Dial one of the below US dial-in numbers:<br><br>United States of America   +1 312 626 6799<br>  +1 929 436 2866<br>  +1 301 715 8592<br>  +1 669 900 6833<br>  +1 253 215 8782<br>  +1 346 248 7799<br><br>2.<br><br>2. When prompted, input the assigned judge's meeting ID as listed above, followed by the pound key (#).<br><br>3. When prompted, input the assigned judge's password as listed above, followed by the pound key (#). |

**The Judge may mute participants until their case is called.**

**Failure to appear whether through the Zoom call or in person, may result in a default being entered against you.**

STATE OF ILLINOIS    )
                   ) SS.
COUNTY OF WILL     )

**IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT**
**WILL COUNTY, ILLINOIS**

**ADMINISTRATIVE ORDER NO. 2020/20**

_____

### REMOTE APPEARANCES IN CIVIL MATTERS

WHEREAS, the Court has entered Administrative Orders to authorize modifications to Court proceedings and protocols in light of the COVID-19 health emergency;

WHEREAS, the Federal government, State government and the Centers for Disease Control have issued Orders and recommendations that individuals maintain social distancing in order to reduce the spread of COVID-19;

WHEREAS, the Civil Division of the Twelfth Judicial Circuit wishes to use remote appearances in order to reduce the number of individuals having to appear in person before the Court;

THEREFORE, IT IS HEREBY ORDERED THAT pursuant to Administrative Orders 2020-08 and 2020-16, the Civil Division sets forth the following procedures for remote appearances in civil cases:

1. Until further notice, cases currently scheduled before the Court after May 31, 2020, shall be conducted by remote appearance via Zoom. The Circuit Clerk is Ordered to notify all parties of record.
2. This Order shall be served with all issued summons, including those issued with the filing of a new lawsuit.
3. Attorneys and self-represented litigants shall appear at the remote proceeding by Zoom or telephone. If a party is unable to participate by Zoom or telephone, the party is required to appear at the courthouse and comply with all face-covering and social distancing requirements.
4. The attached Remote Court Instructions are adopted included with this Order.
5. All participants are responsible for accessing and joining the Zoom proceeding. The Court will not contact the parties to join the proceeding.
6. All attorneys and self-represented litigants must provide and update e-mail address(es) and phone number(s) through the Circuit Clerk's website at www.circuitclerkofwillcounty.com.
7. All courtroom rules and procedures shall also be observed in all remote proceedings, including use of proper decorum, proper dress, and appropriate language.
8. Recording of these proceedings is strictly prohibited. The official Court record will continue to be created electronically or by a certified court reporter.
9. Attorneys shall submit a proposed Order by the end of the business day through EFile IL.
10. Failure to appear, whether through the Zoom call or in person, may result in a default judgment.

This Order is effective immediately.

DATED THIS _19_ DAY OF MAY, 2020.

Richard C. Schoenstedt, Chief Judge

Circuit Clerk (Original)
Judges
State's Attorney
Will County Bar Associations

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
2021L 000760
Filed Date: 10/1/2021 3:39 PM
Envelope: 15051537
Clerk: KJ

**STATE OF ILLINOIS**    )
                       ) SS
**COUNTY OF WILL**     )

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

| | |
|---|---|
| JUDITH KENDZIORA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| STREAMWOOD CVS, L.L.C., | ) |
| CVS PHARMACY, INC.; | ) Case No.: **2021L 000760** |
| CVS PHARMACY LIMITED OF ILLINOIS INC.; | ) |
| LOCKPORT CVS, L.L.C., | ) |
| BRUNO TRUST AGREEMENT DATED | ) |
| JULY 14, 1987; and SCP 2004E-038 LLC, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AT LAW

### COUNT I
*Premises Negligence*
*Judith Kendziora v. Streamwood CVS, L.L.C. d/b/a CVS Pharmacy*

NOW COMES the Plaintiff, JUDITH KENDZIORA, by and through her attorneys, RATHBUN, CSERVENYAK & KOZOL, LLC, and for her Complaint against the Defendant, STREAMWOOD CVS, L.L.C. d/b/a CVS/PHARMACY, states as follows:

      1.      On or about December 3, 2019, the Plaintiff, JUDITH KENDZIORA, was lawfully on the premises commonly known as a CVS Pharmacy store located at 16760 West Division Street in the City of Lockport, County of Will, State of Illinois (henceforth, "Premises").

      2.      At the aforesaid time, Defendant, STREAMWOOD CVS, L.L.C., d/b/a CVS/PHARMACY, owned, managed, maintained, and/or controlled said Premises.

      3.      At the aforesaid time and place, Plaintiff, JUDITH KENDZIORA, exercised ordinary and due care as a patron lawfully on the Premises.

1

**Initial case management set for**
1/19/2022      **at:**   9:00   **a.m.**

4.      At the aforesaid time and place, Plaintiff, JUDITH KENDZIORA, tripped, stumbled and/or fell due to encountering an unreasonable risk of harm in the form of an uneven, defective sidewalk located near the main front entrance of the Premises.

5.      At all times relevant hereto, Plaintiff, JUDITH KENDZIORA, exercised ordinary and due care as a person lawfully on the Premises.

6.      At all times relevant hereto, Defendant, STREAMWOOD CVS, L.L.C., d/b/a CVS/PHARMACY, had a duty to exercise ordinary and due care to see that the Premises were reasonably safe for use by lawful patrons.

7.      Given said duty, Defendant, STREAMWOOD CVS, L.L.C. d/b/a CVS/PHARMACY, knew, or should have known, that said unreasonable risk of harm posing danger to lawful patrons existed on the Premises.

8.      The Defendant, STREAMWOOD CVS, L.L.C. d/b/a CVS/PHARMACY, could reasonably expect that persons on the property would not discover or realize the danger posed by said dangerous condition, or would fail to protect themselves against such danger.

9.      At the aforesaid time, or prior thereto, Defendant, STREAMWOOD CVS, L.L.C. d/b/a CVS/PHARMACY, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

        (a)     Managed the aforesaid premises so that an unreasonable risk of harm existed there in the form of an uneven, defective sidewalk located near the main front entrance of the Premises;

        (b)     Maintained the aforesaid premises so that an unreasonable risk of harm existed there in the form of an uneven, defective sidewalk located near the main front entrance of the Premises;

        (c)     Controlled the aforesaid premises so that an unreasonable risk of harm existed there in the form of an uneven, defective

2

sidewalk located near the main front entrance of the Premises;

(d)     Allowed or permitted an uneven, defective sidewalk located near the main front entrance of the Premises to exist although the Defendant knew, or should have known, said condition was an unreasonable risk of harm to invitees lawfully on the premises;

(e)     Failed to provide a safe walking surface in an area with an uneven, defective sidewalk located near the main front entrance of the Premises so that said unreasonable risk of harm would not exist;

(f)     Failed to provide a safe walking surface in an area with an uneven, defective sidewalk located near the main front entrance of the Premises to allow for safe ingress and egress of patrons lawfully on the premises;

(g)     Failed to properly and adequately remove or correct an uneven, defective sidewalk located near the main front entrance of the Premises to allow for safe ingress and egress of invitees lawfully on the premises;

(h)     Failed to conduct proper and adequate inspections of the premises to identify an unreasonable risk of harm that existed there in the form of an uneven, defective sidewalk located near the main front entrance of the Premises although Defendant knew, or should have known, said inspections were necessary to allow for safe ingress and egress of patrons lawfully on the premises; and

(i)     Failed to provide warning as to the existence of an uneven, defective sidewalk located near the main front entrance of the Premises that posed an unreasonable risk of harm to patrons lawfully on the premises.

3

10.     The aforesaid acts and omissions of Defendant, STREAMWOOD CVS, L.L.C. d/b/a CVS/PHARMACY, were a proximate cause of the Plaintiff, JUDITH KENDZIORA, tripping and/or falling on an uneven, defective sidewalk near the main entrance of the Premises.

11.     As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of Defendant, STREAMWOOD CVS, L.L.C. d/b/a CVS/PHARMACY, as set forth above, Plaintiff, JUDITH KENDZIORA, then and there sustained severe and permanent injuries, both externally and internally, and was, and will be hindered and prevented from attending to her usual duties and affairs and has lost, and in the future will lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff, JUDITH KENDZIORA, demands judgment against the Defendant, STREAMWOOD CVS, L.L.C. d/b/a CVS/PHARMACY, in a dollar amount to satisfy the jurisdictional limitation of the Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

## COUNT II
### *General Negligence*
### *Judith Kendziora v. Streamwood CVS, L.L.C. d/b/a CVS Pharmacy*

NOW COMES the Plaintiff, JUDITH KENDZIORA, by and through her attorneys, RATHBUN, CSERVENYAK & KOZOL, LLC, and for her Complaint against the Defendant, STREAMWOOD CVS, L.L.C. d/b/a CVS PHARMACY, states as follows:

4

1.      On or about December 3, 2019, the Plaintiff, JUDITH KENDZIORA, was lawfully on the premises commonly known as a CVS Pharmacy store located at 16760 West Division Street in the City of Lockport, County of Will, State of Illinois (henceforth, "Premises").

2.      At said time and place, Plaintiff, JUDITH KENDZIORA, was caused to trip, stumble and/or fall due to a dangerous and unsafe condition in the form of an uneven, defective sidewalk near a main entrance on the Premises.

3.      At all times relevant herein, Defendant, STREAMWOOD CVS, L.L.C. d/b/a CVS PHARMACY, had a duty to exercise ordinary and due care to see that said property and Premises were reasonably safe for the use of those lawfully on the property.

4.      At all times relevant thereto, Plaintiff, JUDITH KENDZIORA, exercised ordinary and due care as a person lawfully on the premises.

5.      At the aforesaid location and time, and prior thereto, Defendant, STREAMWOOD CVS, L.L.C. d/b/a CVS PHARMACY, well knowing its duty in this regard, carelessly and negligently caused the existence of said dangerous condition in the form of an uneven, defective sidewalk near a main entrance on the Premises.

6.      Specifically, Defendant, STREAMWOOD CVS, L.L.C. d/b/a CVS PHARMACY, was guilty of one or more of the following careless and negligent acts and/or omissions:

      (a)      Created an uneven, defective sidewalk near a main entrance by failing to properly manage the aforesaid premises;

      (b)      Created an uneven, defective sidewalk near a main entrance by failing to properly maintain the aforesaid premises;

      (c)      Created an uneven, defective sidewalk near a main entrance by failing to properly control the aforesaid premises;

5

(d)     Failed to provide a clear, safe, properly maintained walking surface for use by patrons in a main entrance sidewalk area;

(e)     Failed to provide a clear, safe, properly maintained walking surface on the premises to allow for patrons' safe ingress and egress on the premises;

(f)     Failed to properly and adequately correct or remove an uneven, defective sidewalk near a main entrance to allow for safe ingress and egress of invitees lawfully on the premises;

(g)     Failed to conduct proper and adequate inspections of the premises to identify an uneven, defective sidewalk near a main entrance;

(h)     Failed to provide warning as to the existence of an uneven, defective sidewalk near a main entrance on the premises;

(i)     Failed to properly and adequately prevent an uneven, defective sidewalk near a main entrance to allow for safe ingress and egress of invitees lawfully on the premises.

7.      The aforesaid acts and omissions of Defendant, STREAMWOOD CVS, L.L.C. d/b/a CVS PHARMACY, were a proximate cause of the Plaintiff, JUDITH KENDZIORA, tripping and/or falling on a slippery mixture of snow and/or ice and an improper curb and/or wheelchair ramp on the premises.

8.      As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of Defendant, STREAMWOOD CVS, L.L.C. d/b/a CVS PHARMACY, as set forth above, Plaintiff, JUDITH KENDZIORA, then and there sustained severe and permanent injuries, both externally and internally, and was, and will be hindered and prevented from attending to her usual duties and affairs and has lost, and in the future will lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became

liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff, JUDITH KENDZIORA, demands judgment against the Defendant, STREAMWOOD CVS, L.L.C. d/b/a CVS PHARMACY, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper.

**COUNT III**
*Premises Negligence*
*Judith Kendziora v. CVS Pharmacy Inc.*

NOW COMES the Plaintiff, JUDITH KENDZIORA, by and through her attorneys, RATHBUN, CSERVENYAK & KOZOL, LLC, and for her Complaint against the Defendant, CVS PHARMACY INC., states as follows:

1.      On or about December 3, 2019, the Plaintiff, JUDITH KENDZIORA, was lawfully on the premises commonly known as a CVS Pharmacy store located at 16760 West Division Street in the City of Lockport, County of Will, State of Illinois (henceforth, "Premises").

2.      At the aforesaid time, Defendant, CVS PHARMACY INC., owned, managed, maintained, and/or controlled said Premises.

3.      At the aforesaid time and place, Plaintiff, JUDITH KENDZIORA, exercised ordinary and due care as a patron lawfully on the Premises.

4.      At the aforesaid time and place, Plaintiff, JUDITH KENDZIORA, tripped, stumbled and/or fell due to encountering an unreasonable risk of harm in the form of an uneven, defective sidewalk located near the main front entrance of the Premises.

5.      At all times relevant hereto, Plaintiff, JUDITH KENDZIORA, exercised ordinary and due care as a person lawfully on the Premises.

7

6.    At all times relevant hereto, Defendant, CVS PHARMACY INC., had a duty to exercise ordinary and due care to see that the Premises were reasonably safe for use by lawful patrons.

7.    Given said duty, Defendant, CVS PHARMACY INC., knew, or should have known, that said unreasonable risk of harm posing danger to lawful patrons existed on the Premises.

8.    The Defendant, CVS PHARMACY INC., could reasonably expect that persons on the property would not discover or realize the danger posed by said dangerous condition, or would fail to protect themselves against such danger.

9.    At the aforesaid time, or prior thereto, Defendant, CVS PHARMACY INC., was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    (a)    Managed the aforesaid premises so that an unreasonable risk of harm existed there in the form of an uneven, defective sidewalk located near the main front entrance of the Premises;

    (b)    Maintained the aforesaid premises so that an unreasonable risk of harm existed there in the form of an uneven, defective sidewalk located near the main front entrance of the Premises;

    (c)    Controlled the aforesaid premises so that an unreasonable risk of harm existed there in the form of an uneven, defective sidewalk located near the main front entrance of the Premises;

    (d)    Allowed or permitted an uneven, defective sidewalk located near the main front entrance of the Premises to exist although the Defendant knew, or should have known, said condition was an unreasonable risk of harm to invitees lawfully on the premises;

    (e)    Failed to provide a safe walking surface in an area with an uneven, defective sidewalk located near the main front entrance of the Premises so that said unreasonable risk of harm would not exist;

8

(f)    Failed to provide a safe walking surface in an area with an uneven, defective sidewalk located near the main front entrance of the Premises to allow for safe ingress and egress of patrons lawfully on the premises;

(g)    Failed to properly and adequately remove or correct an uneven, defective sidewalk located near the main front entrance of the Premises to allow for safe ingress and egress of invitees lawfully on the premises;

(h)    Failed to conduct proper and adequate inspections of the premises to identify an unreasonable risk of harm that existed there in the form of an uneven, defective sidewalk located near the main front entrance of the Premises although Defendant knew, or should have known, said inspections were necessary to allow for safe ingress and egress of patrons lawfully on the premises; and

(i)    Failed to provide warning as to the existence of an uneven, defective sidewalk located near the main front entrance of the Premises that posed an unreasonable risk of harm to patrons lawfully on the premises.

10.    The aforesaid acts and omissions of Defendant, CVS PHARMACY INC., were a proximate cause of the Plaintiff, JUDITH KENDZIORA, tripping and/or falling on an uneven, defective sidewalk near the main entrance of the Premises.

11.    As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of Defendant, CVS PHARMACY INC., as set forth above, Plaintiff, JUDITH KENDZIORA, then and there sustained severe and permanent injuries, both externally and internally, and was, and will be hindered and prevented from attending to her usual duties and affairs and has lost, and in the future will lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff, JUDITH KENDZIORA, demands judgment against the Defendant, CVS PHARMACY INC., in a dollar amount to satisfy the jurisdictional limitation of the Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

**COUNT IV**
*General Negligence*
*Judith Kendziora v. CVS Pharmacy Inc.*

NOW COMES the Plaintiff, JUDITH KENDZIORA, by and through her attorneys, RATHBUN, CSERVENYAK & KOZOL, LLC, and for her Complaint against the Defendant, CVS PHARMACY INC., states as follows:

1.      On or about December 3, 2019, the Plaintiff, JUDITH KENDZIORA, was lawfully on the premises commonly known as a CVS Pharmacy store located at 16760 West Division Street in the City of Lockport, County of Will, State of Illinois (henceforth, "Premises").

2.      At said time and place, Plaintiff, JUDITH KENDZIORA, was caused to trip, stumble and/or fall due to a dangerous and unsafe condition in the form of an uneven, defective sidewalk near a main entrance on the Premises.

3.      At all times relevant herein, Defendant, CVS PHARMACY INC., had a duty to exercise ordinary and due care to see that said property and Premises were reasonably safe for the use of those lawfully on the property.

4.      At all times relevant thereto, Plaintiff, JUDITH KENDZIORA, exercised ordinary and due care as a person lawfully on the premises.

5.      At the aforesaid location and time, and prior thereto, Defendant, CVS PHARMACY INC., well knowing its duty in this regard, carelessly and negligently caused the existence of said dangerous condition in the form of an uneven, defective sidewalk near a main

10

entrance on the Premises.

      6.      Specifically, Defendant, CVS PHARMACY INC., was guilty of one or more of the following careless and negligent acts and/or omissions:

      (a)      Created an uneven, defective sidewalk near a main entrance by failing to properly manage the aforesaid premises;

      (b)      Created an uneven, defective sidewalk near a main entrance by failing to properly maintain the aforesaid premises;

      (c)      Created an uneven, defective sidewalk near a main entrance by failing to properly control the aforesaid premises;

      (d)      Failed to provide a clear, safe, properly maintained walking surface for use by patrons in a main entrance sidewalk area;

      (e)      Failed to provide a clear, safe, properly maintained walking surface on the premises to allow for patrons' safe ingress and egress on the premises;

      (f)      Failed to properly and adequately correct or remove an uneven, defective sidewalk near a main entrance to allow for safe ingress and egress of invitees lawfully on the premises;

      (g)      Failed to conduct proper and adequate inspections of the premises to identify an uneven, defective sidewalk near a main entrance;

      (h)      Failed to provide warning as to the existence of an uneven, defective sidewalk near a main entrance on the premises;

      (i)      Failed to properly and adequately prevent an uneven, defective sidewalk near a main entrance to allow for safe ingress and egress of invitees lawfully on the premises.

      7.      The aforesaid acts and omissions of Defendant, CVS PHARMACY INC., were a proximate cause of the Plaintiff, JUDITH KENDZIORA, tripping and/or falling on a slippery mixture of snow and/or ice and an improper curb and/or wheelchair ramp on the premises.

11

8.      As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of Defendant, CVS PHARMACY INC., as set forth above, Plaintiff, JUDITH KENDZIORA, then and there sustained severe and permanent injuries, both externally and internally, and was, and will be hindered and prevented from attending to her usual duties and affairs and has lost, and in the future will lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff, JUDITH KENDZIORA, demands judgment against the Defendant, CVS PHARMACY INC., in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper.

**COUNT V**
*Premises Negligence*
*Judith Kendziora v. CVS Pharmacy Limited of Illinois, Inc.*

NOW COMES the Plaintiff, JUDITH KENDZIORA, by and through her attorneys, RATHBUN, CSERVENYAK & KOZOL, LLC, and for her Complaint against the Defendant, CVS PHARMACY LIMITED OF ILLINOIS, INC., states as follows:

1.      On or about December 3, 2019, the Plaintiff, JUDITH KENDZIORA, was lawfully on the premises commonly known as a CVS Pharmacy store located at 16760 West Division Street in the City of Lockport, County of Will, State of Illinois (henceforth, "Premises").

2.      At the aforesaid time, Defendant, CVS PHARMACY LIMITED OF ILLINOIS, INC., owned, managed, maintained, and/or controlled said Premises.

3.      At the aforesaid time and place, Plaintiff, JUDITH KENDZIORA, exercised ordinary and due care as a patron lawfully on the Premises.

12

4.     At the aforesaid time and place, Plaintiff, JUDITH KENDZIORA, tripped, stumbled and/or fell due to encountering an unreasonable risk of harm in the form of an uneven, defective sidewalk located near the main front entrance of the Premises.

5.     At all times relevant hereto, Plaintiff, JUDITH KENDZIORA, exercised ordinary and due care as a person lawfully on the Premises.

6.     At all times relevant hereto, Defendant, CVS PHARMACY LIMITED OF ILLINOIS, INC., had a duty to exercise ordinary and due care to see that the Premises were reasonably safe for use by lawful patrons.

7.     Given said duty, Defendant, CVS PHARMACY LIMITED OF ILLINOIS, INC., knew, or should have known, that said unreasonable risk of harm posing danger to lawful patrons existed on the Premises.

8.     The Defendant, CVS PHARMACY LIMITED OF ILLINOIS, INC., could reasonably expect that persons on the property would not discover or realize the danger posed by said dangerous condition, or would fail to protect themselves against such danger.

9.     At the aforesaid time, or prior thereto, Defendant, CVS PHARMACY LIMITED OF ILLINOIS, INC., was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

       (a)     Managed the aforesaid premises so that an unreasonable risk of harm existed there in the form of an uneven, defective sidewalk located near the main front entrance of the Premises;

       (b)     Maintained the aforesaid premises so that an unreasonable risk of harm existed there in the form of an uneven, defective sidewalk located near the main front entrance of the Premises;

       (c)     Controlled the aforesaid premises so that an unreasonable risk of harm existed there in the form of an uneven, defective

13

sidewalk located near the main front entrance of the Premises;

(d)    Allowed or permitted an uneven, defective sidewalk located near the main front entrance of the Premises to exist although the Defendant knew, or should have known, said condition was an unreasonable risk of harm to invitees lawfully on the premises;

(e)    Failed to provide a safe walking surface in an area with an uneven, defective sidewalk located near the main front entrance of the Premises so that said unreasonable risk of harm would not exist;

(f)    Failed to provide a safe walking surface in an area with an uneven, defective sidewalk located near the main front entrance of the Premises to allow for safe ingress and egress of patrons lawfully on the premises;

(g)    Failed to properly and adequately remove or correct an uneven, defective sidewalk located near the main front entrance of the Premises to allow for safe ingress and egress of invitees lawfully on the premises;

(h)    Failed to conduct proper and adequate inspections of the premises to identify an unreasonable risk of harm that existed there in the form of an uneven, defective sidewalk located near the main front entrance of the Premises although Defendant knew, or should have known, said inspections were necessary to allow for safe ingress and egress of patrons lawfully on the premises; and

(i)    Failed to provide warning as to the existence of an uneven, defective sidewalk located near the main front entrance of the Premises that posed an unreasonable risk of harm to patrons lawfully on the premises.

10.    The aforesaid acts and omissions of Defendant, CVS PHARMACY LIMITED OF ILLINOIS, INC., were a proximate cause of the Plaintiff, JUDITH KENDZIORA, tripping and/or falling on an uneven, defective sidewalk near the main entrance of the Premises.

11.    As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of Defendant, CVS PHARMACY LIMITED OF ILLINOIS, INC., as set forth above, Plaintiff, JUDITH KENDZIORA, then and there sustained severe and

14

permanent injuries, both externally and internally, and was, and will be hindered and prevented from attending to her usual duties and affairs and has lost, and in the future will lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff, JUDITH KENDZIORA, demands judgment against the Defendant, CVS PHARMACY LIMITED OF ILLINOIS, INC., in a dollar amount to satisfy the jurisdictional limitation of the Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

### COUNT VI
*General Negligence*
*Judith Kendziora v. CVS Pharmacy Limited of Illinois, Inc.*

NOW COMES the Plaintiff, JUDITH KENDZIORA, by and through her attorneys, RATHBUN, CSERVENYAK & KOZOL, LLC, and for her Complaint against the Defendant, CVS PHARMACY LIMITED OF ILLINOIS, INC., states as follows:

1. On or about December 3, 2019, the Plaintiff, JUDITH KENDZIORA, was lawfully on the premises commonly known as a CVS Pharmacy store located at 16760 West Division Street in the City of Lockport, County of Will, State of Illinois (henceforth, "Premises").

2. At said time and place, Plaintiff, JUDITH KENDZIORA, was caused to trip, stumble and/or fall due to a dangerous and unsafe condition in the form of an uneven, defective sidewalk near a main entrance on the Premises.

15

3.      At all times relevant herein, Defendant, CVS PHARMACY LIMITED OF ILLINOIS, INC., had a duty to exercise ordinary and due care to see that said property and Premises were reasonably safe for the use of those lawfully on the property.

4.      At all times relevant thereto, Plaintiff, JUDITH KENDZIORA, exercised ordinary and due care as a person lawfully on the premises.

5.      At the aforesaid location and time, and prior thereto, Defendant, CVS PHARMACY LIMITED OF ILLINOIS, INC., well knowing its duty in this regard, carelessly and negligently caused the existence of said dangerous condition in the form of an uneven, defective sidewalk near a main entrance on the Premises.

6.      Specifically, Defendant, CVS PHARMACY LIMITED OF ILLINOIS, INC., was guilty of one or more of the following careless and negligent acts and/or omissions:

> (a)      Created an uneven, defective sidewalk near a main entrance by failing to properly manage the aforesaid premises;
>
> (b)      Created an uneven, defective sidewalk near a main entrance by failing to properly maintain the aforesaid premises;
>
> (c)      Created an uneven, defective sidewalk near a main entrance by failing to properly control the aforesaid premises;
>
> (d)      Failed to provide a clear, safe, properly maintained walking surface for use by patrons in a main entrance sidewalk area;
>
> (e)      Failed to provide a clear, safe, properly maintained walking surface on the premises to allow for patrons' safe ingress and egress on the premises;
>
> (f)      Failed to properly and adequately correct or remove an uneven, defective sidewalk near a main entrance to allow for safe ingress and egress of invitees lawfully on the premises;

16

      (g)     Failed to conduct proper and adequate inspections of the premises to identify an uneven, defective sidewalk near a main entrance;

      (h)     Failed to provide warning as to the existence of an uneven, defective sidewalk near a main entrance on the premises;

      (i)     Failed to properly and adequately prevent an uneven, defective sidewalk near a main entrance to allow for safe ingress and egress of invitees lawfully on the premises.

7.     The aforesaid acts and omissions of Defendant, CVS PHARMACY LIMITED OF ILLINOIS, INC., were a proximate cause of the Plaintiff, JUDITH KENDZIORA, tripping and/or falling on a slippery mixture of snow and/or ice and an improper curb and/or wheelchair ramp on the premises.

8.     As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of Defendant, CVS PHARMACY LIMITED OF ILLINOIS, INC., as set forth above, Plaintiff, JUDITH KENDZIORA, then and there sustained severe and permanent injuries, both externally and internally, and was, and will be hindered and prevented from attending to her usual duties and affairs and has lost, and in the future will lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff, JUDITH KENDZIORA, demands judgment against the Defendant, CVS PHARMACY LIMITED OF ILLINOIS, INC., in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper.

17

## COUNT VII
### *Premises Negligence*
### *Judith Kendziora v. Lockport CVS, L.L.C.*

NOW COMES the Plaintiff, JUDITH KENDZIORA, by and through her attorneys, RATHBUN, CSERVENYAK & KOZOL, LLC, and for her Complaint against the Defendant, LOCKPORT CVS, L.L.C., states as follows:

1.      On or about December 3, 2019, the Plaintiff, JUDITH KENDZIORA, was lawfully on the premises commonly known as a CVS Pharmacy store located at 16760 West Division Street in the City of Lockport, County of Will, State of Illinois (henceforth, "Premises").

2.      At the aforesaid time, Defendant, LOCKPORT CVS, L.L.C., owned, managed, maintained, and/or controlled said Premises.

3.      At the aforesaid time and place, Plaintiff, JUDITH KENDZIORA, exercised ordinary and due care as a patron lawfully on the Premises.

4.      At the aforesaid time and place, Plaintiff, JUDITH KENDZIORA, tripped, stumbled and/or fell due to encountering an unreasonable risk of harm in the form of an uneven, defective sidewalk located near the main front entrance of the Premises.

5.      At all times relevant hereto, Plaintiff, JUDITH KENDZIORA, exercised ordinary and due care as a person lawfully on the Premises.

6.      At all times relevant hereto, Defendant, LOCKPORT CVS, L.L.C., had a duty to exercise ordinary and due care to see that the Premises were reasonably safe for use by lawful patrons.

7.      Given said duty, Defendant, LOCKPORT CVS, L.L.C., knew, or should have known, that said unreasonable risk of harm posing danger to lawful patrons existed on the Premises.

18

8. The Defendant, LOCKPORT CVS, L.L.C., could reasonably expect that persons on the property would not discover or realize the danger posed by said dangerous condition, or would fail to protect themselves against such danger.

9. At the aforesaid time, or prior thereto, Defendant, LOCKPORT CVS, L.L.C., was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

(a) Managed the aforesaid premises so that an unreasonable risk of harm existed there in the form of an uneven, defective sidewalk located near the main front entrance of the Premises;

(b) Maintained the aforesaid premises so that an unreasonable risk of harm existed there in the form of an uneven, defective sidewalk located near the main front entrance of the Premises;

(c) Controlled the aforesaid premises so that an unreasonable risk of harm existed there in the form of an uneven, defective sidewalk located near the main front entrance of the Premises;

(d) Allowed or permitted an uneven, defective sidewalk located near the main front entrance of the Premises to exist although the Defendant knew, or should have known, said condition was an unreasonable risk of harm to invitees lawfully on the premises;

(e) Failed to provide a safe walking surface in an area with an uneven, defective sidewalk located near the main front entrance of the Premises so that said unreasonable risk of harm would not exist;

(f) Failed to provide a safe walking surface in an area with an uneven, defective sidewalk located near the main front entrance of the Premises to allow for safe ingress and egress of patrons lawfully on the premises;

(g) Failed to properly and adequately remove or correct an uneven, defective sidewalk located near the main front entrance of the Premises to allow for safe ingress and egress of invitees lawfully on the premises;

19

(h)     Failed to conduct proper and adequate inspections of the premises to identify an unreasonable risk of harm that existed there in the form of an uneven, defective sidewalk located near the main front entrance of the Premises although Defendant knew, or should have known, said inspections were necessary to allow for safe ingress and egress of patrons lawfully on the premises; and

(i)     Failed to provide warning as to the existence of an uneven, defective sidewalk located near the main front entrance of the Premises that posed an unreasonable risk of harm to patrons lawfully on the premises.

10.     The aforesaid acts and omissions of Defendant, LOCKPORT CVS, L.L.C., were a proximate cause of the Plaintiff, JUDITH KENDZIORA, tripping and/or falling on an uneven, defective sidewalk near the main entrance of the Premises.

11.     As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of Defendant, LOCKPORT CVS, L.L.C., as set forth above, Plaintiff, JUDITH KENDZIORA, then and there sustained severe and permanent injuries, both externally and internally, and was, and will be hindered and prevented from attending to her usual duties and affairs and has lost, and in the future will lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff, JUDITH KENDZIORA, demands judgment against the Defendant, LOCKPORT CVS, L.L.C., in a dollar amount to satisfy the jurisdictional limitation of the Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

## COUNT VIII
### *General Negligence*
### *Judith Kendziora v. Lockport CVS, L.L.C.*

NOW COMES the Plaintiff, JUDITH KENDZIORA, by and through her attorneys, RATHBUN, CSERVENYAK & KOZOL, LLC, and for her Complaint against the Defendant, LOCKPORT CVS, L.L.C., states as follows:

1.     On or about December 3, 2019, the Plaintiff, JUDITH KENDZIORA, was lawfully on the premises commonly known as a CVS Pharmacy store located at 16760 West Division Street in the City of Lockport, County of Will, State of Illinois (henceforth, "Premises").

2.     At said time and place, Plaintiff, JUDITH KENDZIORA, was caused to trip, stumble and/or fall due to a dangerous and unsafe condition in the form of an uneven, defective sidewalk near a main entrance on the Premises.

3.     At all times relevant herein, Defendant, LOCKPORT CVS, L.L.C., had a duty to exercise ordinary and due care to see that said property and Premises were reasonably safe for the use of those lawfully on the property.

4.     At all times relevant thereto, Plaintiff, JUDITH KENDZIORA, exercised ordinary and due care as a person lawfully on the premises.

5.     At the aforesaid location and time, and prior thereto, Defendant, LOCKPORT CVS, L.L.C., well knowing its duty in this regard, carelessly and negligently caused the existence of said dangerous condition in the form of an uneven, defective sidewalk near a main entrance on the Premises.

6.     Specifically, Defendant, LOCKPORT CVS, L.L.C., was guilty of one or more of the following careless and negligent acts and/or omissions:

21

(a)     Created an uneven, defective sidewalk near a main entrance by failing to properly manage the aforesaid premises;

(b)     Created an uneven, defective sidewalk near a main entrance by failing to properly maintain the aforesaid premises;

(c)     Created an uneven, defective sidewalk near a main entrance by failing to properly control the aforesaid premises;

(d)     Failed to provide a clear, safe, properly maintained walking surface for use by patrons in a main entrance sidewalk area;

(e)     Failed to provide a clear, safe, properly maintained walking surface on the premises to allow for patrons' safe ingress and egress on the premises;

(f)     Failed to properly and adequately correct or remove an uneven, defective sidewalk near a main entrance to allow for safe ingress and egress of invitees lawfully on the premises;

(g)     Failed to conduct proper and adequate inspections of the premises to identify an uneven, defective sidewalk near a main entrance;

(h)     Failed to provide warning as to the existence of an uneven, defective sidewalk near a main entrance on the premises;

(i)     Failed to properly and adequately prevent an uneven, defective sidewalk near a main entrance to allow for safe ingress and egress of invitees lawfully on the premises.

7.     The aforesaid acts and omissions of Defendant, LOCKPORT CVS, L.L.C., were a proximate cause of the Plaintiff, JUDITH KENDZIORA, tripping and/or falling on a slippery mixture of snow and/or ice and an improper curb and/or wheelchair ramp on the premises.

8.     As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of Defendant, LOCKPORT CVS, L.L.C., as set forth above, Plaintiff, JUDITH KENDZIORA, then and there sustained severe and permanent injuries, both

externally and internally, and was, and will be hindered and prevented from attending to her usual

duties and affairs and has lost, and in the future will lose, the value of that time as aforementioned.

Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future

continue to suffer. Plaintiff further expended and became liable for, and will expend and become

liable for, large sums of money for medical care and services endeavoring to become healed and

cured of said injuries.

WHEREFORE, Plaintiff, JUDITH KENDZIORA, demands judgment against the

Defendant, LOCKPORT CVS, L.L.C., in a dollar amount to satisfy the jurisdictional limitation of

this Court and such additional amounts as the jury and the Court shall deem proper.

## COUNT IX
### *Premises Negligence*
### *Judith Kendziora v. Bruno Trust Agreement Dated July 14, 1987*

NOW COMES the Plaintiff, JUDITH KENDZIORA, by and through her attorneys,

RATHBUN, CSERVENYAK & KOZOL, LLC, and for her Complaint against the Defendant,

BRUNO TRUST AGREEMENT DATED JULY 14, 1987, states as follows:

1.     On or about December 3, 2019, the Plaintiff, JUDITH KENDZIORA, was lawfully

on the premises commonly known as a CVS Pharmacy store located at 16760 West Division Street

in the City of Lockport, County of Will, State of Illinois (henceforth, "Premises").

2.     At the aforesaid time, Defendant, BRUNO TRUST AGREEMENT DATED JULY

14, 1987, owned, managed, maintained, and/or controlled said Premises.

3.     At the aforesaid time and place, Plaintiff, JUDITH KENDZIORA, exercised

ordinary and due care as a patron lawfully on the Premises.

4.     At the aforesaid time and place, Plaintiff, JUDITH KENDZIORA, tripped,

stumbled and/or fell due to encountering an unreasonable risk of harm in the form of an uneven,

defective sidewalk located near the main front entrance of the Premises.

23

5.      At all times relevant hereto, Plaintiff, JUDITH KENDZIORA, exercised ordinary

and due care as a person lawfully on the Premises.

6.      At all times relevant hereto, Defendant, BRUNO TRUST AGREEMENT DATED

JULY 14, 1987, had a duty to exercise ordinary and due care to see that the Premises were

reasonably safe for use by lawful patrons.

7.      Given said duty, Defendant, BRUNO TRUST AGREEMENT DATED JULY 14,

1987, knew, or should have known, that said unreasonable risk of harm posing danger to lawful

patrons existed on the Premises.

8.      The Defendant, BRUNO TRUST AGREEMENT DATED JULY 14, 1987, could

reasonably expect that persons on the property would not discover or realize the danger posed by

said dangerous condition, or would fail to protect themselves against such danger.

9.      At the aforesaid time, or prior thereto, Defendant, BRUNO TRUST AGREEMENT

DATED JULY 14, 1987, was then and there guilty of one or more of the following careless and

negligent acts and/or omissions:

        (a)    Managed the aforesaid premises so that an unreasonable risk
             of harm existed there in the form of an uneven, defective
             sidewalk located near the main front entrance of the
             Premises;

        (b)    Maintained the aforesaid premises so that an unreasonable
             risk of harm existed there in the form of an uneven, defective
             sidewalk located near the main front entrance of the
             Premises;

        (c)    Controlled the aforesaid premises so that an unreasonable
             risk of harm existed there in the form of an uneven, defective
             sidewalk located near the main front entrance of the
             Premises;

        (d)    Allowed or permitted an uneven, defective sidewalk located
             near the main front entrance of the Premises to exist although
             the Defendant knew, or should have known, said condition

was an unreasonable risk of harm to invitees lawfully on the premises;

(e) Failed to provide a safe walking surface in an area with an uneven, defective sidewalk located near the main front entrance of the Premises so that said unreasonable risk of harm would not exist;

(f) Failed to provide a safe walking surface in an area with an uneven, defective sidewalk located near the main front entrance of the Premises to allow for safe ingress and egress of patrons lawfully on the premises;

(g) Failed to properly and adequately remove or correct an uneven, defective sidewalk located near the main front entrance of the Premises to allow for safe ingress and egress of invitees lawfully on the premises;

(h) Failed to conduct proper and adequate inspections of the premises to identify an unreasonable risk of harm that existed there in the form of an uneven, defective sidewalk located near the main front entrance of the Premises although Defendant knew, or should have known, said inspections were necessary to allow for safe ingress and egress of patrons lawfully on the premises; and

(i) Failed to provide warning as to the existence of an uneven, defective sidewalk located near the main front entrance of the Premises that posed an unreasonable risk of harm to patrons lawfully on the premises.

10. The aforesaid acts and omissions of Defendant, BRUNO TRUST AGREEMENT DATED JULY 14, 1987, were a proximate cause of the Plaintiff, JUDITH KENDZIORA, tripping and/or falling on an uneven, defective sidewalk near the main entrance of the Premises.

11. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of Defendant, BRUNO TRUST AGREEMENT DATED JULY 14, 1987, as set forth above, Plaintiff, JUDITH KENDZIORA, then and there sustained severe and permanent injuries, both externally and internally, and was, and will be hindered and prevented from attending to her usual duties and affairs and has lost, and in the future will lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body,

25

and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff, JUDITH KENDZIORA, demands judgment against the Defendant, BRUNO TRUST AGREEMENT DATED JULY 14, 1987, in a dollar amount to satisfy the jurisdictional limitation of the Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

### COUNT X
#### *General Negligence*
#### *Judith Kendziora v. Bruno Trust Agreement Dated July 14, 1987*

NOW COMES the Plaintiff, JUDITH KENDZIORA, by and through her attorneys, RATHBUN, CSERVENYAK & KOZOL, LLC, and for her Complaint against the Defendant, BRUNO TRUST AGREEMENT DATED JULY 14, 1987, states as follows:

1.      On or about December 3, 2019, the Plaintiff, JUDITH KENDZIORA, was lawfully on the premises commonly known as a CVS Pharmacy store located at 16760 West Division Street in the City of Lockport, County of Will, State of Illinois (henceforth, "Premises").

2.      At said time and place, Plaintiff, JUDITH KENDZIORA, was caused to trip, stumble and/or fall due to a dangerous and unsafe condition in the form of an uneven, defective sidewalk near a main entrance on the Premises.

3.      At all times relevant herein, Defendant, BRUNO TRUST AGREEMENT DATED JULY 14, 1987, had a duty to exercise ordinary and due care to see that said property and Premises were reasonably safe for the use of those lawfully on the property.

4.      At all times relevant thereto, Plaintiff, JUDITH KENDZIORA, exercised ordinary and due care as a person lawfully on the premises.

5.      At the aforesaid location and time, and prior thereto, Defendant, BRUNO TRUST

AGREEMENT DATED JULY 14, 1987, well knowing its duty in this regard, carelessly and negligently caused the existence of said dangerous condition in the form of an uneven, defective sidewalk near a main entrance on the Premises.

6.      Specifically, Defendant, BRUNO TRUST AGREEMENT DATED JULY 14, 1987, was guilty of one or more of the following careless and negligent acts and/or omissions:

(a)     Created an uneven, defective sidewalk near a main entrance by failing to properly manage the aforesaid premises;

(b)     Created an uneven, defective sidewalk near a main entrance by failing to properly maintain the aforesaid premises;

(c)     Created an uneven, defective sidewalk near a main entrance by failing to properly control the aforesaid premises;

(d)     Failed to provide a clear, safe, properly maintained walking surface for use by patrons in a main entrance sidewalk area;

(e)     Failed to provide a clear, safe, properly maintained walking surface on the premises to allow for patrons' safe ingress and egress on the premises;

(f)     Failed to properly and adequately correct or remove an uneven, defective sidewalk near a main entrance to allow for safe ingress and egress of invitees lawfully on the premises;

(g)     Failed to conduct proper and adequate inspections of the premises to identify an uneven, defective sidewalk near a main entrance;

(h)     Failed to provide warning as to the existence of an uneven, defective sidewalk near a main entrance on the premises;

(i)     Failed to properly and adequately prevent an uneven, defective sidewalk near a main entrance to allow for safe ingress and egress of invitees lawfully on the premises.

7.      The aforesaid acts and omissions of Defendant, BRUNO TRUST AGREEMENT

27

DATED JULY 14, 1987, were a proximate cause of the Plaintiff, JUDITH KENDZIORA, tripping and/or falling on a slippery mixture of snow and/or ice and an improper curb and/or wheelchair ramp on the premises.

8.     As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of Defendant, BRUNO TRUST AGREEMENT DATED JULY 14, 1987, as set forth above, Plaintiff, JUDITH KENDZIORA, then and there sustained severe and permanent injuries, both externally and internally, and was, and will be hindered and prevented from attending to her usual duties and affairs and has lost, and in the future will lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff, JUDITH KENDZIORA, demands judgment against the Defendant, BRUNO TRUST AGREEMENT DATED JULY 14, 1987, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper.

### COUNT XI
*Premises Negligence*
*Judith Kendziora v. SPC 2004E-038 LLC*

NOW COMES the Plaintiff, JUDITH KENDZIORA, by and through her attorneys, RATHBUN, CSERVENYAK & KOZOL, LLC, and for her Complaint against the Defendant, SCP 2004E-038 LLC, states as follows:

1.     On or about December 3, 2019, the Plaintiff, JUDITH KENDZIORA, was lawfully on the premises commonly known as a CVS Pharmacy store located at 16760 West Division Street in the City of Lockport, County of Will, State of Illinois (henceforth, "Premises").

2.     At the aforesaid time, Defendant, SCP 2004E-038 LLC, owned, managed, maintained, and/or controlled said Premises.

3.     At the aforesaid time and place, Plaintiff, JUDITH KENDZIORA, exercised ordinary and due care as a patron lawfully on the Premises.

4.     At the aforesaid time and place, Plaintiff, JUDITH KENDZIORA, tripped, stumbled and/or fell due to encountering an unreasonable risk of harm in the form of an uneven, defective sidewalk located near the main front entrance of the Premises.

5.     At all times relevant hereto, Plaintiff, JUDITH KENDZIORA, exercised ordinary and due care as a person lawfully on the Premises.

6.     At all times relevant hereto, Defendant, SCP 2004E-038 LLC, had a duty to exercise ordinary and due care to see that the Premises were reasonably safe for use by lawful patrons.

7.     Given said duty, Defendant, SCP 2004E-038 LLC, knew, or should have known, that said unreasonable risk of harm posing danger to lawful patrons existed on the Premises.

8.     The Defendant, SCP 2004E-038 LLC, could reasonably expect that persons on the property would not discover or realize the danger posed by said dangerous condition, or would fail to protect themselves against such danger.

9.     At the aforesaid time, or prior thereto, Defendant, SCP 2004E-038 LLC, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

        (a)     Managed the aforesaid premises so that an unreasonable risk of harm existed there in the form of an uneven, defective sidewalk located near the main front entrance of the Premises;

        (b)     Maintained the aforesaid premises so that an unreasonable risk of harm existed there in the form of an uneven, defective

29

sidewalk located near the main front entrance of the Premises;

(c)    Controlled the aforesaid premises so that an unreasonable risk of harm existed there in the form of an uneven, defective sidewalk located near the main front entrance of the Premises;

(d)    Allowed or permitted an uneven, defective sidewalk located near the main front entrance of the Premises to exist although the Defendant knew, or should have known, said condition was an unreasonable risk of harm to invitees lawfully on the premises;

(e)    Failed to provide a safe walking surface in an area with an uneven, defective sidewalk located near the main front entrance of the Premises so that said unreasonable risk of harm would not exist;

(f)    Failed to provide a safe walking surface in an area with an uneven, defective sidewalk located near the main front entrance of the Premises to allow for safe ingress and egress of patrons lawfully on the premises;

(g)    Failed to properly and adequately remove or correct an uneven, defective sidewalk located near the main front entrance of the Premises to allow for safe ingress and egress of invitees lawfully on the premises;

(h)    Failed to conduct proper and adequate inspections of the premises to identify an unreasonable risk of harm that existed there in the form of an uneven, defective sidewalk located near the main front entrance of the Premises although Defendant knew, or should have known, said inspections were necessary to allow for safe ingress and egress of patrons lawfully on the premises; and

(i)    Failed to provide warning as to the existence of an uneven, defective sidewalk located near the main front entrance of the Premises that posed an unreasonable risk of harm to patrons lawfully on the premises.

10.    The aforesaid acts and omissions of Defendant, SCP 2004E-038 LLC, were a proximate cause of the Plaintiff, JUDITH KENDZIORA, tripping and/or falling on an uneven, defective sidewalk near the main entrance of the Premises.

11.    As a direct and proximate result of one or more of the aforesaid careless and

30

negligent acts and/or omissions of Defendant, SCP 2004E-038 LLC, as set forth above, Plaintiff, JUDITH KENDZIORA, then and there sustained severe and permanent injuries, both externally and internally, and was, and will be hindered and prevented from attending to her usual duties and affairs and has lost, and in the future will lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff, JUDITH KENDZIORA, demands judgment against the Defendant, SCP 2004E-038 LLC, in a dollar amount to satisfy the jurisdictional limitation of the Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

**COUNT XII**
*General Negligence*
*Judith Kendziora v. SPC 2004E-038 LLC*

NOW COMES the Plaintiff, JUDITH KENDZIORA, by and through her attorneys, RATHBUN, CSERVENYAK & KOZOL, LLC, and for her Complaint against the Defendant, BRUNO TRUST AGREEMENT DATED JULY 14, 1987, states as follows:

1.     On or about December 3, 2019, the Plaintiff, JUDITH KENDZIORA, was lawfully on the premises commonly known as a CVS Pharmacy store located at 16760 West Division Street in the City of Lockport, County of Will, State of Illinois (henceforth, "Premises").

2.     At said time and place, Plaintiff, JUDITH KENDZIORA, was caused to trip, stumble and/or fall due to a dangerous and unsafe condition in the form of an uneven, defective sidewalk near a main entrance on the Premises.

31

3.    At all times relevant herein, Defendant, SCP 2004E-038 LLC, had a duty to exercise ordinary and due care to see that said property and Premises were reasonably safe for the use of those lawfully on the property.

4.    At all times relevant thereto, Plaintiff, JUDITH KENDZIORA, exercised ordinary and due care as a person lawfully on the premises.

5.    At the aforesaid location and time, and prior thereto, Defendant, SCP 2004E-038 LLC, well knowing its duty in this regard, carelessly and negligently caused the existence of said dangerous condition in the form of an uneven, defective sidewalk near a main entrance on the Premises.

6.    Specifically, Defendant, SCP 2004E-038 LLC, was guilty of one or more of the following careless and negligent acts and/or omissions:

(a)    Created an uneven, defective sidewalk near a main entrance by failing to properly manage the aforesaid premises;

(b)    Created an uneven, defective sidewalk near a main entrance by failing to properly maintain the aforesaid premises;

(c)    Created an uneven, defective sidewalk near a main entrance by failing to properly control the aforesaid premises;

(d)    Failed to provide a clear, safe, properly maintained walking surface for use by patrons in a main entrance sidewalk area;

(e)    Failed to provide a clear, safe, properly maintained walking surface on the premises to allow for patrons' safe ingress and egress on the premises;

(f)    Failed to properly and adequately correct or remove an uneven, defective sidewalk near a main entrance to allow for safe ingress and egress of invitees lawfully on the premises;

32

(g)    Failed to conduct proper and adequate inspections of the premises to identify an uneven, defective sidewalk near a main entrance;

(h)    Failed to provide warning as to the existence of an uneven, defective sidewalk near a main entrance on the premises;

(i)    Failed to properly and adequately prevent an uneven, defective sidewalk near a main entrance to allow for safe ingress and egress of invitees lawfully on the premises.

7.    The aforesaid acts and omissions of Defendant, SCP 2004E-038 LLC, were a proximate cause of the Plaintiff, JUDITH KENDZIORA, tripping and/or falling on a slippery mixture of snow and/or ice and an improper curb and/or wheelchair ramp on the premises.

8.    As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of Defendant, SCP 2004E-038 LLC, as set forth above, Plaintiff, JUDITH KENDZIORA, then and there sustained severe and permanent injuries, both externally and internally, and was, and will be hindered and prevented from attending to her usual duties and affairs and has lost, and in the future will lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff, JUDITH KENDZIORA, demands judgment against the Defendant, SCP 2004E-038 LLC, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper.

_____
One of the Attorneys for Plaintiff

Willard L. Hemsworth - 06280200
RATHBUN, CSERVENYAK & KOZOL
3260 Executive Drive
Joliet, IL 60431
815-730-1977
whemsworth@rcklawfirm.com
hkemps@rcklawfirm.com

34

STATE OF ILLINOIS     )
                      ) SS

COUNTY OF WILL     )

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

| | |
|---|---|
| JUDITH KENDZIORA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| STREAMWOOD CVS, L.L.C., | ) |
| CVS PHARMACY, INC.; | ) Case No.: |
| CVS PHARMACY LIMITED OF ILLINOIS INC.; | ) |
| LOCKPORT CVS, L.L.C., | ) |
| BRUNO TRUST AGREEMENT DATED | ) |
| JULY 14, 1987; and SCP 2004E-038 LLC, | ) |
| | ) |
| Defendants. | ) |

### AFFIDAVIT OF DAMAGES PURSUANT TO SUPREME COURT RULE 222

I, Willard L. Hemsworth III, being first duly sworn and under oath, state that the attached

complaint seeks damages in excess of $50,000.00.

_____

Willard L. Hemsworth III

Subscribed and sworn to before me
this 30th day of September, 2021.

_____

NOTARY PUBLIC

OFFICIAL SEAL
HEIDI KEMPS
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/26/22

Willard L. Hemsworth III – 06280200
RATHBUN, CSERVENYAK & KOZOL, LLC
3260 Executive Drive
Joliet, IL 60431
(815) 730-1977
whemsworth@rcklawfirm.com

35